# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CRB RESOURCES INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1270-R** |
| | ) | |
| **NEWFIELD EXPLORATION** | ) | |
| **MID-CONTINENT INC.,** | ) | |
| **A Delaware Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on Defendant's Partial Motion to Dismiss (Doc.No. 74) addressing certain claims in Plaintiff's Second Amended Complaint. Plaintiff responded in opposition to the motion and Defendant filed a reply brief in support of its position. (Doc.Nos. 92, 93). Having considered the parties' submissions, the Court finds as follows.

The following allegations are set forth in the Second Amended Complaint:

Plaintiff is the operator, lessee and majority working interest owner in the Priebe No. 1 well in Kingfisher County, Oklahoma. The well has been producing since April 7, 1979. On or about June 12, 2015, Defendant commenced drilling a multi-unit horizontal well, Patrick 1H-28X, pursuant to Order 648063 of the Oklahoma Corporation Commission. The wellbore of the Patrick Well was placed approximately 216 feet from the wellbore of Plaintiff's well, and ultimately interfered with the Priebe No. 1. As a result, Plaintiff contends that it suffered the total loss of production from its well, including any

leasehold or working interest therein. Plaintiff further complains that Defendant miscalculated Plaintiff's ownership interest in the Priebe No. 1 Well and its non-wellbore leasehold rights outside of that well. Plaintiff alleges Defendant's activities invaded the common source of supply and that Plaintiff was not properly compensated for its interest. Plaintiff also alleges that Defendant's filings with the Oklahoma Corporation Commission related to the Patrick Well were improper.

Plaintiff alleges a claim of trespass by virtue of Defendant's drilling operations, specifically that Newfield's drilling resulted in migration of deleterious substances onto Plaintiff's property. (First Claim). Plaintiff alleges negligent injury to its real property by Defendant's multi-unit horizontal development, in part because Defendant drilled the Patrick Well too close to the Priebe well, without consent (Claim Two). In Claim Three Plaintiff alleges unjust enrichment, asserting that the Patrick Well operations "are being conducted with the sole purpose of maximizing profits and without regard to the law and without regard to Plaintiff's correlative or other rights." (Doc. No. 63, ¶ 27).

In its Fourth Claim for Relief Plaintiff alleges Defendant converted certain leasehold and/or working interest rights in the unit that includes the Patrick Well and failed to pay Plaintiff for its interests. Plaintiff's Fifth Claim for Relief alleges negligent supervision with regard to ownership reports and opinions regarding Plaintiff's rights in the Priebe No. 1 Well or with regard to the information upon which Defendant relied in making its filings to the Oklahoma Corporation Commission, which error is reflected in the Commission's

Order.[1] In the Sixth Claim, Plaintiff alleges a private nuisance with regard to the location, drilling and operation of the Patrick Well.

The Seventh Claim for Relief alleges breach of contract based on Defendant's alleged violation of the Commission's Pooling Order for the relevant Unit by not paying Plaintiff the amount due under the Order. Plaintiff seeks relief on a theory of negligence per se for the alleged violation of the Production Revenue Standards Act, via underpayment of the leasehold or the overriding royalty interest pursuant to the Pooling Order. Plaintiff seeks an Accounting and Disgorgement in the Ninth Claim for Relief seeking a share of the proceeds of production from the Patrick Well as well as a bonus payment it contends Defendant failed to pay. Plaintiff also seeks an accounting of the well to assist in assessing its lost revenues due to loss of production in the Priebe No. 1 well. Plaintiff's Tenth, and final, claim asserts a cause of action for fraud, which will be discussed subsequently herein.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the allegations within the complaint, accepting those allegations as true. To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will

---

[1] The Court infers from the Second Amended Complaint that Plaintiff believes Defendant misrepresented, either intentionally or negligently, CRB's ownership interest within its Application for Pooling Order to the Corporation Commission. Plaintiff does not allege that it did not receive notice of the application or specify the disparity between its actual interest and what Defendant represented in its application to the Commission.

reveal evidence to support the plaintiff's allegations." (quoting Twombly, 550 U.S. at 570)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (brackets in original; internal quotation marks omitted). Defendant also requests that the Court strike portions of the Second Amended Complaint pursuant to Rule 12(f), because the allegations therein are impertinent and inflammatory.

At the outset the Court rejects Plaintiff's repeated argument that the Motion to Dismiss is premature because of ongoing discovery or discovery allegedly obstructed by Defendant's counsel. A motion to dismiss challenges the pleadings, not the evidence. A pleading filed without sufficient factual allegations is not permitted to ripen into a claim by permitting discovery. Rather, it is incumbent on the Plaintiff to identify the facts in support of its theories of recovery. Additionally, the facts in support of the claims must be contained in the pleading, they cannot be contained in the response to the motion to dismiss.

Defendant challenges Plaintiff's conversion claim on the basis that CRB's leasehold and/or working interest rights allegedly converted by Newfield are real property rights not subject to conversion under Oklahoma law. Rather, conversion only applies to personal property.

> Conversion is defined by Oklahoma law as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Steenbergen v. First Fed. Sav. & Loan of Chickasha*, 1987 OK 122, ¶ 9, 753 P.2d 1330, 1332. This definition does not include intangible property. It does require that "some form of wrongful possession or act of control over the property must occur." *Installment Fin. Corp. v. Hudiburg Chevrolet, Inc.*, 1990 OK 55, ¶ 10, 794 P.2d 751, 753.

*Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 374 P.3d 820, 825 (Okla. 2016). In response to the motion to dismiss, Plaintiff disavows that it is seeking to recover for the alleged conversion of its leasehold interest. Rather, it argues that Defendant should have focused on the language in paragraph 31 of the Second Amended Complaint alleging that Defendant "failed to provide payment to Plaintiff for such interests pursuant to any contract or agreement, including but not limited to any applicable orders of the OCC."

The clarification by Plaintiff does not salvage its conversion claim. It is well established in Oklahoma law that conversion does not lie for a debt, and only tangible personal property may be converted. *Welty v. Martinaire of Oklahoma, Inc.,* 867 P.2d 1273, 1275 (Okla. 1994). In *Tarrant v. Capstone Oil & Gas Co.,* 178 P.3d 866 (Okla. Civ. App.2008), the plaintiff royalty owners sued to recover royalties the Defendant had improperly retained. *Id.* at 871. The Court concluded that the trial court erred in submitting the conversion claim to the jury. Noting that conversion does not lie for a debt, and that the failure to pay royalties created a debt, not the deprivation of personal property, the court concluded that there was no support for a conversion claim. *Id.* at 872. Plaintiff's response to the motion to dismiss asserts that Defendant has "stolen" funds, however, it is apparent from Plaintiff's filings that Plaintiff believes Defendant failed to pay money owed to it, that is, a debt, which will not support a claim for conversion. Accordingly, Defendant's motion is granted as to Plaintiff's Fourth Claim.[2]

---

[2] To the extent Plaintiff's response is arguing that bonus payments are personal property, the response to the motion fails to cite to any authority to support this proposition and the Court would disagree. Furthermore, Plaintiff's reliance on *Steenbergen v. First Fed.Sav. & Loan of Chickasha*, 753 P..2d 1330, 1332 (Okla. 1987), is misplaced. In *Steenbergen*, the court "recognized that once an account matures, a bank's withholding of a check which represented

Defendant next seeks dismissal of Plaintiff's negligent supervision/hiring claim. Plaintiff objects to dismissal, asserting that the information necessary to support such a claim is contained in discovery that Defendant has heretofore failed to produce, despite Plaintiff's repeated requests.

An employer may be held liable in Oklahoma for negligent hiring, supervision, or retention of an employee. *See Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006) (applying Oklahoma law); *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). Liability attaches, "if—at the critical time of the tortious incident—the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *Presbyterian Church (U.S.A.)*, 998 P.2d at 600. None of the factual allegations in the Second Amended Complaint supports Plaintiff's contention that Defendant was negligent with regard to its hiring, training, or supervision of its employees or agents. Here Plaintiff's Second Amended Complaint alleges no facts from which any prior knowledge can be ascertained by Defendant with regard to either its hiring decisions or its supervision of its employees or agents. Plaintiff makes no attempt in the Second Amended Complaint to identify by name the person or persons allegedly responsible for any tortious conduct, much less how the supervision of such persons was negligent.[3]  Furthermore, although Plaintiff argues Defendant has failed to provide relevant

specifically identified and designated sums belonging to the depositor, and its use of the check in an unauthorized manner constitute[d] conversion. *See also Beshara v. S. Nat'l Bank*, 928 P.2d 280, 289–90 (Okla.1996) (citing *Steenbergen* ).*Steenbergen* and similar cases are limited to actions between banks and their depositors.

[3]  Plaintiff lists persons at page 7 of its response brief, however not in the pleading, nor does merely identifying people by name provide a basis for holding Defendant liable for negligent hiring and supervision.

information in discovery, the Court is concerned with what factual basis the Plaintiff has for its claims prior to the initiation of litigation, not what the evidence might establish. If the Court awaited discovery before ruling on motions to dismiss, Rule 12(b)(6) motions would become obsolete.

Defendant next seeks dismissal of Plaintiff's breach of contract claim, Claim Seven. Therein Plaintiff alleges Defendant's failure to tender payments due it pursuant to Pooling Order 646542 is a breach of contract. Defendant moves to dismiss the claim arguing that a pooling order, the only potential "contract" cited in the pleading, is not actually a "contract" subject to such a claim. Plaintiff contends in response that the pooling order created a contractual relationship between the parties hereto.

Under Oklahoma law, the elements of a breach of contract claim are: "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018). As noted by Defendant in its Reply, Plaintiff cites no authority in support of its contention that a pooling order creates a contract between the operators and the owners within the relevant unit. Furthermore, the Court's independent research revealed no basis for permitting a breach of contract claim for the alleged violation of a pooling order. In issuing Pooling Order 646542 the Corporation Commission utilized its police powers, *Crest Resources and Exploration Corp. v. Corporation Commission*, 617 P.2d 215 Okla. 1980); it did not create a contract between Plaintiffs and Defendant. Accordingly, Plaintiffs have failed to plead the most basic requirement for a breach of contract claim -- existence of a contract -- and the Seventh Claim for Relief is therefore subject to dismissal.

Finally, Defendant seeks dismissal of Plaintiff's Tenth Claim for Relief- Fraud. Under Oklahoma law a Plaintiff alleging fraud must establish: "(1) a false material misrepresentation; (2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; and (4) which is relied upon by a party to one's detriment." *Gay v. Akin*, 766 P.2d 985, 989 (Okla. 1988) (citations omitted). In nearly thirty paragraphs of the Second Amended Complaint Plaintiff recites portions of the history of this case, referencing deficiencies in Defendant's discovery responses, settlement proposals by Defendant, and focusing on Defendant's failure to provide title opinions used by Newfield to calculate Plaintiff's ownership interest in the Priebe No. 1 Well. Plaintiff alleges, "Defendant has intentionally withheld the existence of evidence of other title opinions to Plaintiff, despite the express statements of Defendant to the contrary on multiple occasions, in addition to intentionally withholding the name and identity of those person(s) who actually authored or were responsible for various ownership information utilized by Defendant, including the ownership report' referred to in the June 1st, 2018 email from Defendant's counsel." Doc. No. 63, ¶ 69. Defendant moves for dismissal of Plaintiff's fraud claim, arguing that Plaintiff has failed to plead the elements of fraud, including a materially false statement upon which Plaintiff allegedly relied to its detriment. *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 176–77 (Okla. 1988)(elements of fraud are a material false representation that defendant knew was false, made with the intention that it should be acted upon by plaintiff, who did so rely to its detriment).

Having reviewed the entire Second Amended Complaint specifically seeking to identify factual allegations to support Plaintiff's fraud claim, the Court concludes that Plaintiff has failed to sufficiently allege a claim of fraud. The alleged misrepresentations that can be identified therein were statements to the Oklahoma Corporation Commission stating the Plaintiff's interest in the unit.[4] Despite Plaintiff's arguments to the contrary, the best interpretation of the fraud claim is, as characterized by Defendant, that Plaintiff is seeking relief for alleged discovery abuses, which does not support a claim for fraud. Accordingly, Claim Ten is hereby dismissed.

Defendant also asks the Court to strike portions of the Second Amended Complaint as immaterial and impertinent, specifically paragraphs 52 through 76. Plaintiff argues against the motion. This Court possesses discretion in whether to grant a motion to strike.

> [F]ederal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy ....

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433–36 (3d. ed. 2004)(footnotes omitted). Although the allegations contained in the paragraphs cited by Defendant could be stricken, the allegations are merely repetitive of other allegations peppered in filings throughout this litigation; their presence does not alter anything in the

---

[4] The first factual paragraph in the Tenth Claim for Relief states:

> At no time prior to the November 2, 2015 issuance of Pooling Order No. 646542, or anytime thereafter, has Defendant acknowledged the miscalculation and inaccurate payment to Plaintiff made thereunder, or contacted Plaintiff concerning the same.

The remaining allegations contained in the Tenth Claim for Relief focus on post-filing issues between the parties.

case and striking them would be of no true impact given the nature of the previous filings by Plaintiff outlining the same alleged shortcomings. Accordingly, the Court denies Defendant's motion to strike.

Defendant's Partial Motion to Dismiss is hereby GRANTED; the Motion to Strike encompassed therein is DENIED.

IT IS SO ORDERED this 28th day of August 2018.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**